James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
Jeshelton595@gmail.com

Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON<br>316 Covered Bridge Road<br>King of Prussia, PA 19406<br>　　　　　　　Plaintiff<br><br>　　　v.<br><br>LIRAZ YAIL LLC, d/b/a LUXURY<br>COSMETICS SPA BOUTIQUE<br>160 N. Gulph Road, 2nd Floor,<br>King of Prussia, PA 19406<br>　　　　　　　Defendant | No. **20 1114** |

## COMPLAINT:

AND NOW, comes Plaintiff, James Everett Shelton, and hereby files this Complaint.

Plaintiff demands a trial by jury, and states as follows:

**1.** Plaintiff James Everett Shelton brings this action under the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to

widespread public outrage about the proliferation of intrusive, nuisance telemarketing

practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

### THE TELEPHONE CONSUMER PROTECTION ACT

**2.** In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . .

. can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991,

Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

1

**3.** The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

**4.** According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**5.** In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## PARTIES

**6.** Plaintiff James Everett Shelton, at all material times hereto was located in and a resident of King of Prussia, Montgomery County, Pennsylvania.

2

**7.**   Defendant LIRAZ YAIL LLC d/b/a LUXURY COSMETICS SPA BOUTIQUE

(hereinafter "Luxury Cosmetics"), upon information and belief, is a duly registered

Pennsylvania Limited Liability Company, has a regular place of business located inside the

King of Prussia Mall at 160 N. Gulph Road (Located on the upper level of the Court, near

California Pizza Kitchen), King of Prussia, PA 19406, and a registered company address of

1301 Reagan Ct, Norristown, PA 19403.

## JURISDICTION AND VENUE

**8.**   Venue is proper because Plaintiff was at all material times located in King of Prussia,

Montgomery County, Pennsylvania when the violating telephone calls were made to him.

**9.**   This action is brought pursuant to the Telephone Consumer Protection Act (TCPA), 47

U.S.C. § 227 and Pennsylvania's "Unfair Trade Practices and Consumer Protection Law", 73

P.S. § 201-1 *et seq*.

**10.**  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**11.**  This Court has jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3), which

reads, in part:

"Private right of action. A person or entity may, if otherwise permitted by the laws or rules of
court of a State, bring in an appropriate court of that State . . . . (B) an action to recover for
actual monetary loss from such a violation, or to receive $500 in damages for each such
violation, whichever is greater".

## FACTUAL ALLEGATIONS

**12.**  Defendant or Defendant's agent transmitted automated calls and automated text messages

to Plaintiff's personal cellular telephone number (484-626-3942).

**13.**  Defendant or Defendant's agent placed at least three (3) calls and two (2) text messages

to Plaintiff's cellular telephone using an "automatic telephone dialing system" or "ATDS"

promoting Defendant's products and services.

3

**14.** On February 17, 2020 (President's Day) at 1:30 PM, Plaintiff received an automated call from a telephone number which displayed on Plaintiff's caller identification as (484) 956-0609.

**15.** The telemarketing call began with a distinctive click and pause after the Plaintiff answered.

**16.** In fact, while waiting for a human being to arrive on the line, the Plaintiff repeatedly said "hello" into his telephone with no response.

**17.** These facts, as well as the fact that this call was part of a large-scale telemarketing campaign, demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

**18.** Plaintiff was then connected with a live representative, who promoted Defendant's products and services.

**19.** Defendant or Defendant's agent pitched Plaintiff on Defendant's spa treatment services at the Luxury Cosmetics Spa Boutique in the King of Prussia Mall.

**20.** As an incentive for Mr. Shelton to come to Defendant's store in the King of Prussia Mall, Defendant told Plaintiff he could receive a free facial consultation at 5:00 PM the following day if he was over the age of thirty (30) years.

**21.** Plaintiff is under thirty (30) years old.

**22.** Plaintiff was not interested in Defendant's products or services.

**23.** Plaintiff hung up the phone and did not give Defendant permission to call back.

**24.** Less than fifteen (15) minutes after the call ended, Plaintiff then received two (2) identical automated text messages at 1:46 and 1:47 PM from the telephone number (718) 313-4816 which both read:

4

Hi James, this is your confirmation message for your FREE FACIAL CONSULTATION

from LUXURY COSMETICS SPA at KING OF PRUSSIA MALL!

Dated: FEBRUARY 18, 2020 (TUESDAY)
Time: 5:00 PM
Code: RJ11041
LOCATION: LUXURY COSMETICS SPA, King of Prussia Mall – 2nd Floor, Court Section

Please be there 10 minutes before your appointment and please note that the FREE FACIAL
CONSULTATION is for 30 years old and above.We know your hard work, so treat yourself!
Congratulations!

Location Link:
https://www.google.com/maps/place/Luxury+Cosmetics+Spa+Boutique/$40,089808,-
75.78517315z/data=!4m5!3m4!1s0x0:0xb2b031c0eacb2951!8m2!3d40.089808!4d-
75.3851731

**25.** On February 17, 2020, Plaintiff received a telephone call at 1:57 PM from a telephone

number which displayed on Plaintiff's caller identification as (484) 619-4110.

**26.** The telemarketing call began with a distinctive click and pause after the Plaintiff

answered. In fact, while waiting for a human being to arrive on the line, the Plaintiff

repeatedly said "hello" into his telephone with no response.

**27.** These facts indicate that the call was made using an ATDS.

**28.** Plaintiff was connected with a representative, who pitched Plaintiff on Defendant's spa

services and asked Plaintiff if he had received the previously-mentioned text messages.

**29.** Plaintiff hung up the phone without giving permission for a call back.

**30.** Immediately thereafter, at approximately 2:15 PM, Plaintiff went to Defendant's store

location on the second floor of the Court section of the King of Prussia Mall to inquire about

the telemarketing calls and text messages.

**31.** Upon arrival, Plaintiff was greeted by two (2) female employees.

**32.** Defendant's employees confirmed that the calls and text messages were from Defendant,

but told Plaintiff he was not eligible for a free spa treatment since he is under the age of thirty (30).

**33.** On February 17, 2020 at 7:27 PM, Plaintiff texted the number (718) 313-4816 and said "Stop calling me".

**34.** On February 18, 2020 at 11:37 AM, Plaintiff received an automated call which displayed on Plaintiff's caller identification as (484) 496-8529.

**35.** The telemarketing call began with a distinctive click and pause after the Plaintiff answered. In fact, while waiting for a human being to arrive on the line, the Plaintiff repeatedly said "hello" into his telephone with no response.

**36.** Plaintiff was connected with a representative of Defendant or Defendant's agent.

**37.** During the call, Defendant attempted to pitch Defendant's products and services to Plaintiff.

**38.** Plaintiff told Defendant not to call again and hung up the phone.

## TELEPHONE CONSUMER PROTECTION ACT SPECIFIC FACTS

**39.** This action is brought pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

**40.** This court has jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3):

"Private right of action. A person or entity may, if otherwise permitted by … the laws or rules of court of a State, bring in an appropriate court of that State  . . . . (B) an action to recover for actual monetary loss from such a  violation, or to receive $ 500 in damages for each such violation, whichever ... is greater".

**41.** Defendant's calls to Plaintiff were to Plaintiff's private cellular telephone, which he uses for personal and residential purposes.

**42.** Plaintiff's telephone number has been on the National Do-Not-Call Registry since at least

6

June 26, 2015.

**43.** Plaintiff's telephone number has been on the Pennsylvania Do Not Call Registry since at least May 15, 2018.

**44.** Plaintiff is the subscriber and sole user of his cellular telephone number.

**45.** Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement with T-Mobile, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

**46.** Defendant is not an organization exempt from the Telephone Consumer Protection Act ("TCPA").

**47.** A text message is considered a "call" under the TCPA.

**48.** Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

**49.** Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

**50.** Defendant never had an "established business relationship" with Plaintiff as defined by the TCPA.

**51.** Defendant never received prior express written consent to contact Plaintiff as defined by the TCPA.

**52.** Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## COUNT I.
## CALLING A CELLULAR TELEPHONE WITH THE USE OF AN "AUTOMATIC TELEPHONE DIALING SYSTEM" ("ATDS"), 
### 47 U.S.C. § 227(b)(1)(A)(iii)

**53.** Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

**54.** Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least five (5) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**55.** Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls and text messages described above, in the amount of $500.00 for each of these calls.

**56.** Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff James Everett Shelton respectfully requests that judgment be entered in his favor and against Liraz Yail LLC d/b/a Luxury Cosmetics Spa Boutique, in an amount of at least $2,500.00, or $7,500.00, if trebled as permitted by statute, plus costs and any other remedy deemed appropriate.

## COUNT II:
## INITIATING A TELEPHONE SOLICITATION TO A TELEPHONE SUBSCRIBER WHO HAS REGISTERED HIS NUMBER ON THE DO-NOT-CALL LIST AT LEAST 31 DAYS PRIOR TO THE TELEPHONE CALL. 47 U.S.C. § 227(c)(5)(B)

**57.** Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

**58.** Plaintiff's telephone number has been registered on the National Do-Not-Call Registry since at least May 21, 2004.

8

**59.** Defendant called Plaintiff's telephone at least five (5) times after Plaintiff's telephone

had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls,

in violation of 47 C.F.R. § 64.1200(c)(2).

**60.** Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(c)(5)(B)

by the Defendant by the telephone calls described above, in the amount of $500.00 for each of

the five (5) telephone calls.

**61.** Plaintiff was further statutorily damaged because Defendant willfully or knowingly

violated this subsection of the TCPA. Plaintiff requests that the court treble the damage

amount as permitted under U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff James Everett Shelton respectfully requests that judgment be

entered in his favor and against Liraz Yail LLC d/b/a Luxury Cosmetics Spa Boutique, in an amount

of at least $2,500.00, or $7,500.00, if trebled as permitted by statute, plus costs and any other

remedy deemed appropriate.

## COUNT III:
## INITIATING AN OUTBOUND UNWANTED SOLICITATIONTELEPHONE CALL TO A PERSON AFTER THEY HAVE REGISTERED THEIR TELEPHONE NUMBER ON THE PENNSYLVANIA DO-NOT-CALL LIST, PENNSYLVANIA'S "TELEMARKETER REGISTRATION ACT",
### 73 P.S. § 2245.2(A)

**62.** Plaintiff incorporates by reference paragraphs 1 - 42 of this Complaint as though fully

stated herein.

**63.** Defendant initiated outbound telephone calls, listed above, to Plaintiff when he had

previously stated through his registration on the Pennsylvania Do-Not-Call list on May 15,

2018 that he did not wish to receive any outbound telephone calls from Defendant, a violation

of 73 P.S. § 2245(a)(2).

**64.** The statutory violation described above is also a statutory violation of the Pennsylvania

Unfair Trade and Practices and Consumer Protection Law, 73 P.S. § 2246(a).

**65.** Plaintiff was statutorily damaged at least five (5) times by Defendant by the telephone calls described above, and additional times that maybe found through discovery in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

**66.** Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

**67.** Plaintiff further requests costs as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff James Everett Shelton respectfully requests that judgment be entered in his favor and against Liraz Yail LLC d/b/a Luxury Cosmetics Spa Boutique, in an amount of at least $500.00, or $1,500.00, if trebled as permitted by statute, plus costs, as permitted by statute, and any other remedy deemed appropriate.

## SUMMARY OF PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Everett Shelton respectfully requests that judgment be entered in his favor and against Liraz Yail LLC d/b/a Luxury Cosmetics Spa Boutique, in an amount to be more fully determined at time of trial, but at least $5,500.00 or $16,500.00 if the statutory damages are trebled for willful and/or knowing violations, as permitted by statute, as follows:

1. Statutory damages of $500.00 for each and every violation of 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Statutory damages of $500.00 for each and every violation of 47 U.S.C. § 227(c)(5)(B);

4.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(c)(5)(C);

5.  Statutory damages of $100.00 for each and every violation of 73 P.S. § 201-9.2(a);

6.  Treble damages for each violation determined to be willful and/or knowing pursuant to 73 P.S. § 201-9.2(a);

7.  Costs as permitted under 73 P.S. § 201-9.2(a);

8.  Injunctive relief requiring Defendant to cease contacting the Plaintiff in violation of the TCPA.

9.  Any and all other relief that the Court deems just and proper.

Respectfully Submitted,

Dated: February 27, 2020

*James E. Shelton*

James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
Jeshelton595@gmail.com

Plaintiff, Pro Se

## **VERIFICATION:**

I, JAMES E. SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: February 27, 2020

*James E. Shelton*

JAMES E. SHELTON

# <u>EXHIBIT A</u>
## Automated Text messages from Defendant




**ıll T-Mobile 🤶**     **2:24 PM**     @ 99% ▭▪⚡

**+1 (718) 313-4816 ›**

Text Message
Mon, Feb 17, 1:46 PM

Hi James, this is your
confirmation message for your
FREE FACIAL CONSULTATION
from LUXURY COSMETICS SPA
at KING OF PRUSIA MALL!

Date: FEBRUARY 18, 2020
(TUESDAY)
Time: 5:00 PM
Code: RJ11041
LOCATION: LUXURY
COSMETICS SPA, King of
Prusia Mall – 2nd Floor, Court
Section

Please be there 10 minutes
before your appointment and
please take note that the FREE
FACIAL CONSULTATION is for
30 years old and above.We
know your hard work, so treat

  Text Message 

      

IMG_8099.PNG



.oll T-Mobile 🛜          2:24 PM          @ 99% 🔋 ⚡



+1 (718) 313-4816 ›

LOCATION: LUXURY
COSMETICS SPA, King of
Prusia Mall – 2nd Floor, Court
Section

Please be there 10 minutes
before your appointment and
please take note that the FREE
FACIAL CONSULTATION is for
30 years old and above.We
know your hard work, so treat
yourself!
Congratulations!

Location Link: https://
www.google.com/maps/place/
Luxury+Cosmetics+Spa+Bouti
que/
@40.089808,-75.3851731,15z/
data=!4m5!3m4!
1s0x0:0xb2b031c0eacb2951!
8m2!3d40.089808!
4d-75.3851731

     Text Message    

      




**T-Mobile** 2:24 PM @ 99% 

+1 (718) 313-4816 >

Hi James, this is your confirmation message for your FREE FACIAL CONSULTATION from LUXURY COSMETICS SPA at KING OF PRUSIA MALL!

Date: FEBRUARY 18, 2020 (TUESDAY)
Time: 5:00 PM
Code: RJ11041
LOCATION: LUXURY COSMETICS SPA, King of Prusia Mall - 2nd Floor, Court Section

Please be there 10 minutes before your appointment and please take note that the FREE FACIAL CONSULTATION is for 30 years old and above.We know your hard work, so treat yourself!
Congratulations!

1:47 PM



Text Message












📶 T-Mobile 🛜          2:24 PM          🕒 99% 🔋 ⚡

 

+1 (718) 313-4816 >

Section

Please be there 10 minutes before your appointment and please take note that the FREE FACIAL CONSULTATION is for 30 years old and above.We know your hard work, so treat yourself! Congratulations!

1:47 PM

Location Link: https:// www.google.com/maps/place/ Luxury+Cosmetics+Spa+Bouti que/ @40.089808,-75.3851731,15z/ data=!4m5!3m4! 1s0x0:0xb2b031c0eacb2951! 8m2!3d40.089808! 4d-75.3851731

Mon, Feb 17, 7:27 PM

Stop calling me          7:27 PM

  Text Message 

